UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOIS MUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2523 CAS |
| | ) | |
| DENNIS J. BARTON, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Dennis J. Barton, III's Motion for Additional Time to Respond to Plaintiff's Request for Admissions pursuant to Rule 36(a)(3), Federal Rules of Civil Procedure. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the motion will be granted.

**Background**

Plaintiff served defendant with written discovery including Requests for Admissions under Rule 36, Fed. R. Civ. P., on July 29, 2014. Defendant's answers were due thirty days later. See Rule 36(a)(3), Fed. R. Civ. P. On August 11, 2014, defendant filed a Motion to Stay Discovery based on his then-pending Motion to Dismiss plaintiff's complaint, and requested an additional thirty days from the Court's order on the Motion to Dismiss to respond to the pending discovery. Plaintiff opposed the motion to stay.

Defendant Barton did not present his Motion to Stay Discovery to the Court at its monthly Discovery Motion Docket, although the Case Management Order ("CMO") states in pertinent part, "The parties shall present disputed discovery motions to the Court at its monthly Discovery Motion Docket. No rulings will issue on disputed discovery motions not presented at the Discovery Motion

Docket. CMO at 2, ¶ 4(e) (Doc. 57).[1] Defendant's Motion to Stay Discovery was a disputed discovery motion. In accordance with the CMO and the undersigned's Judge's Requirements, the Court did not issue a ruling on the Motion to Stay Discovery. On September 12, 2014, the Court issued a Memorandum and Order that granted in part and denied in part the Motion to Dismiss and denied the Motion to Stay Discovery as moot. (Doc. 64).

Subsequently, counsel entered an appearance on behalf of defendant Barton and filed the instant motion for additional time to October 1, 2014 to respond to plaintiff's Requests for Admissions. Plaintiff responds that defendant "took a dangerous gamble" in electing to ask for the stay of discovery, and argues that because defendant failed to respond timely to the requested admissions they are deemed admitted under Rule 36(a)(3). Plaintiff asserts that defendant's only option is to move to have the admissions withdrawn under Rule 36(b), but states he has not done so and offers no basis for withdrawal under the Rule. Defendant replies that Rule 36(a)(3) permits a

---

[1]In addition, the undersigned's Judge's Requirements include the following provision regarding disputed discovery motions:

**10. Discovery Motion Docket**.
Judge Shaw issues rulings on disputed discovery motions *only* at a monthly Discovery Motion Docket ("DMD"). *The moving party* is responsible for filing and serving a notice of hearing setting a disputed discovery motion on the DMD. The notice must be filed at least seven (7) days in advance of the docket. Counsel should contact chambers to confirm the date, time and location of the next DMD prior to filing a notice of hearing. Motions are heard in the order that counsel arrive in the courtroom. Unless all counsel consent, Judge Shaw will not address a motion at the DMD if the opposing party has not had the opportunity to file a response within the time allowed by the Local Rules. Disputed discovery motions which are not noticed for hearing at the DMD within forty-five days of filing may be denied without prejudice.

Charles A. Shaw, Judge's Requirements at 3 (final emphasis added). See http://www.moed.uscourts.gov/sites/default/files/cas.pdf.

court to order a longer time for responding, and further replies that even if the requests are deemed admitted, he should be permitted to withdraw them under Rule 36(b) because (1) plaintiff does not claim she will suffer any prejudice by withdrawal of the admissions or the grant of additional time to respond, and (2) defendant will be highly prejudiced if the admissions are allowed to stand, as the case could potentially be determined by the technical admissions. Defendant argues that several of plaintiff's Requests are "inapposite" and having defendant admit them as "facts" would do nothing to promote the presentation of the merits in this case, and that presentation of the merits would be best served by granting him additional time to file responses or, in the alternative, allowing him to withdraw and amend the admissions.

**Discussion**

As a threshold matter, the Court in the exercise of its discretion will address defendant's motion for extension of time to respond to plaintiff's Requests for Admissions on the briefs and not at its monthly Discovery Motion Docket, because the motion does not address a substantive discovery dispute but rather an issue of timeliness that is fully briefed and to which oral argument would add nothing. Further, because the next Discovery Motion Docket is set for tomorrow, September 23, 2014, defendant would not be able to present his motion until the next docket on October 16, 2014, which would result in unnecessary delay in the case and could interfere with the CMO's deadlines. The parties are advised, however, that the Court's standing rules for discovery motions remain in full force and effect for future discovery-related motions.

Turning to the merits of defendant Barton's motion, the Eighth Circuit has stated that district courts have the power to allow a longer time for responding to requests for admission, and therefore may permit the filing of answers that would otherwise be untimely. Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983). As a result, Barton's failure to timely answer plaintiff's

Requests for Admissions does not require the Court automatically to deem all matters admitted. Id. A late response is treated as being equivalent to a withdrawal of an admission, and the test for permitting withdrawal of admissions under Rule 36(b), Fed. R. Civ. P., is applied. Id.

Under Rule 36(b), an admission may be withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b)'s provision for the withdrawal of admissions "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment.

Defendant's predicament is of his own making, because he neither noticed his Motion to Stay Discovery for hearing on the Court's Discovery Motion Docket, nor answered the Requests for Admissions in a timely manner. Nonetheless, plaintiff has not argued she would be prejudiced by the grant of additional time to answer her Request for Admissions, and no prejudice is likely because the CMO's discovery deadline does not expire until November 17, 2014. In the absence of prejudice, the preference for resolution of disputed issues on the merits weighs in favor of granting defendant Barton additional time to serve his answers. Plaintiff's Requests are straightforward and not burdensome. Defendant will be ordered to serve his answers on plaintiff by September 26, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Barton's Motion for Additional Time to Respond to Plaintiff's Request for Admissions Rule 36(a)(3), Fed. R. Civ. P., is **GRANTED**. [Doc. 71]

**IT IS FURTHER ORDERED** that defendant Barton shall serve his answers to plaintiff's Requests for Admissions by **September 26, 2014** at **5:00 p.m.**

 

 

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of September, 2014.